Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA  94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID NEMATI ) | Civil No. |
| Plaintiff, ) | PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS |
| -v- ) | |
| MICHAEL CHERTOFF, Secretary ) | |
| EMILIO T. GONZALEZ, Director, CIS ) | "Immigration Case" |
| ROSEMARY MELVILLE, District Director ) | CIS NOs.    A075-729-279 |
| Department of Homeland Security; ) | |
| ROBERT S. MUELLER, Director ) | |
| Federal Bureau of Investigations ) | |
| Defendants. ) | |

    COMES NOW Farid Nemati, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.    This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff.  The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT                                                     1

## PARTIES

2. Plaintiff Farid Nemati is a 37 year-old citizen of Iran. He became a lawful permanent resident of the United States on March 23, 2001.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5. Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6. Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

7. The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq.*, 8 USC § 1421 *et seq.,* and 8 USC

COMPLAINT                                    2

§ 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period. Relief is requested pursuant to said statutes.

### INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in San Mateo County, assignment shall be to the San Francisco or Oakland Division.

### VENUE

9. Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 783 Barbour Drive, Redwood City, California, and no real property is involved in the instant action.

### EXHAUSTION OF REMEDIES

10. Plaintiff has exhausted his administrative remedies. Plaintiff has made numerous inquiries concerning the status of his application to no avail.

### CAUSE OF ACTION

11. All legal prerequisites having been satisfied, Plaintiff Nemati filed his application for naturalization on February 22, 2006, with the USCIS.

12. On March 9, 2006, the USCIS sent the Plaintiff a fingerprint appointment notice for March 25, 2006. On March 14, 2006, the Plaintiff sent a letter to the USCIS to reschedule the fingerprint appointment as he would be outside the country at the time of his scheduled appointment.

13. On April 22, 2006, Plaintiff Nemati completed his fingerprint appointment.

14. On July 6, 2006, Plaintiff Nemati attended his naturalization interview. Although he passed the civics and English requirement, he was told that a decision could not be made on his application due to pending security checks.

15. On October 9, 2006, Plaintiff Nemati sent an e-mail inquiry to the FBI regarding the status of his name check. He received no response.

16. On February 14, 2007, Plaintiff Nemati made an Infopass appointment with the USCIS. He was informed that the case was pending due to security background checks. A "Fact Sheet on Immigration Security Checks: How and Why the Process Works" was provided to him.

17. On October 5, 2007, Plaintiff Nemati made another Infopass appointment to follow-up on his case. He was again informed that his case was pending due to security background checks. A "Fact Sheet on Immigration Security Checks: How and Why the Process Works" was again provided to him.

18. More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have made no decision on Plaintiff's application.

19. The Defendants' failure to make a determination of Plaintiff's application within the 120-day statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

20. Further, upon information and belief, following Plaintiff's interview on July 6, 2006, the USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Nemati. Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks.

21. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. By denying adjudication, Defendants are denying Plaintiff Nemati the rights accorded to a United States citizen, such as a right to vote, and the right to petition family members to the United States.

22. Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

## PRAYER

23. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

    (a) hear Plaintiff's case and render a declaratory judgment that he is entitled to be naturalized,

    (b) award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

    (c) grant such further relief at law and in equity as justice may require.

Dated: _____

                                                                                     /S/
                                                       Christina H. Lee
                                                       Attorney for Plaintiff

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.